UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK LIVES MATTER; WOMEN IN LOS ANGELES, MINNESOTA, & AROUND THE WORLD & PITTSBURGH CONTACT; FREDERICK BANKS, 05711068, NEOCC, 2240 Hubbard Road, Youngstown, OH 44505,<br><br>Petitioners<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY; WARDEN, NEOCC CORECIVIC,<br><br>Respondents. | Case No. 2:20-cv-06919-ODW (GJS)<br><br>**ORDER DISMISSING PETITION** |

On July 27, 2020, a putative 28 U.S.C. § 2241 "class action" habeas petition/motion was filed in this District [Dkt. 1, "Petition"]. The Petition was filed by Frederick Banks, a convicted federal criminal currently incarcerated in the Northeast Ohio Correctional Center in Youngstown, Ohio. The Petition purports to be brought on behalf of Banks individually as well as by the Black Live Matter movement and all "women" all over the world. Banks is the only signatory to the Petition and mailed it from his present prison. The Petition names two Respondents: the Central Intelligence Agency ("CIA"); and the Warden of the Northeast Ohio Correctional Center.

1   The Petition states that it does not challenge a conviction or sentence, but does
2   challenge the manner in which Banks's current criminal sentence is being executed.
3   This allegation, however, plainly is untrue, given that Banks is not challenging how
4   his sentence is being implemented or executed.  Rather, as he has alleged so many
5   times in the past, Banks asserts that the CIA is using "Microwave Auditory Effect"
6   remote satellite technology to electronically surveil him and the other petitioners –
7   here, the members of the Black Lives Matter movement and "all" women in "the
8   world" – and this global surveillance somehow is tied to an unspecified "FISA
9   warrant."  Banks alleges that through the use of this satellite technology, the CIA
10  caused the various Black Lives Matter protests here in the United States and
11  globally.  Banks further alleges, as he has done in the past, that though a November
12  7, 2016 letter that he wrote to Ivanka Trump, he "exposed the FISA electronic
13  surveillance on the Trump campaign" and that Steve Bannon leaked his letter to
14  Breitbart News.  As relief, Banks  asks that:  the "FISA warrant" be disclosed in an
15  unclassified form and lifted; all of the petitioners be discharged from the CIA's
16  "FISA restraint"; tall of the petitioners be discharged from custody; and that this
17  case be certified s a class action and class counsel be appointed.

18  While Banks has a prior criminal history, the Court need not recount it here.  In
19  the most recent of his criminal cases, Banks was tried by jury in the United States
20  District Court for the Western District of Pennsylvania and found guilty of multiple
21  federal counts of wire fraud and one federal count of aggravated identity theft on
22  November 8, 2019.  Banks was sentenced on June 16, 2020, to consecutive terms of
23  80 months and 24 months imprisonment, to be followed by several years of
24  supervised release.  *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.).

25  Apart from his criminal status and related time spent in the federal court system,
26  Banks also is "a notorious frequent filer" in the federal court system, whose cases
27  routinely are dismissed at the pleading stage as frivolous.  *See Banks v. Song*, No.
28  1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing Action and Denying In

Forma Pauperis Application); *see also Banks v. Cuevas*, No. 4:17CV2460, 2018 WL 1942192, at *1 (N.D. Ohio April 25, 2018) (describing Banks as a "frequent filer of frivolous actions in federal and state courts"); *Banks v. Song*, No. 17-00093, 2018 WL 3130940, at *1-*2 (D. Guam Jun. 26, 2018) (finding lawsuit filed by Banks related to his present criminal prosecution essentially was the same suit that he had filed in a number of other Districts in the United States and was "malicious" and improperly filed in the District of Guam); *Banks v. New York Police Dept.*, No. 4:15-CV-75-RLW, 2015 WL 1414828, at *2-*3 (E.D. Mo. Mar. 26, 2015) (dismissing as legally frivolous and malicious mandamus action brought by Banks seeking relief based upon, *inter alia*, the deaths of Eric Garner and Michael Brown).[1]  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the case dockets and filings available through the PACER and Westlaw systems relating to Banks, which show hundreds (and probably well over 1,000) of federal civil proceedings initiated by Banks over the past decade.

When federal courts began dismissing Banks's civil cases under 28 U.S.C. § 1915(g) due to his numerous "strikes," he turned to filing 28 U.S.C. § 2241 or other types of petitions or motions in an attempt to avoid the Section 1915(g) limitation on his ability to file actions without paying the filing fee. *See Banks v. Valaluka*, No. 1:15-cv-01935 (N.D. Ohio Nov. 18, 2015) (denying leave to proceed *in forma pauperis* and dismissing purported mandamus action).)  As one District Court described him:

> Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases in the Northern District of Ohio, the District of Massachusetts, the Southern

---

[1]     Banks also has filed a number of actions in this District that have been summarily dismissed as frivolous.  *See* Case Nos.:  2:15-cv-04225-ODW (GJSx); 2:16-cv-05544-JAK (KSx); 2:16-cv-07398-R (JPSx); 2:16-cv-07954-ODW (GJS); 2:17-cv-05412-GW (JPRx); 5:18-cv-00526-ODW (GJS); 5:19-cv-00780-ODW (GJS); 2:19-cv-06748-JAK (JC); 2:19-cv-07428-ODW (GJS); 2:19-cv-08514-ODW (GJS); 2:19-cv-10468-ODW (GJS); 2:20-cv-00665-ODW (GJS); 2:20-cv-00680-ODW (GJS); 2:20-cv-00979-ODW (GJS); 2:20-cv-01138-ODW (GJS); 2:20-cv-03640-ODW (GJS); 2:20-cv-05579-ODW (GJS); and 2:20-cv-06288-ODW (GJS).

> District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. All of these cases were dismissed as frivolous. He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions. Undeterred, Banks utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio, Sept. 25, 2018).

In addition to numerous findings that Banks's case-initiating filings are frivolous, Banks has been designated as a vexatious litigant. *See, e.g., Banks v. Pope Francis*, No. 2:15-cv-01400 (W.D. Pa. Dec. 8, 2015) (Order designating Petitioner as a vexatious litigant). That vexatious litigant designation has been ordered extended to cover filings made by Banks on behalf of any other persons, whether as a purported "next friend" or otherwise, unless and until he has complied with the requirements of the original vexatious litigant designation order. *See United States v. Miller*, 726 Fed. App'x 107 (June 7, 2018) (affirming district court order so extending scope of vexatious litigant order entered against Banks).

As even the most cursory review of his cases available through the PACER system shows, Banks has a history of filing delusional and meritless actions on his own behalf or supposedly on behalf of others with whom he has no connection, often (as here) alleging electronic surveillance by the CIA or others. *See, e.g., Banks v. United States*, No. 19-CV-8829 (CM), 2019 WL 4933424, at *1 (S.D.N.Y. Oct. 7, 2019) ("Banks has a history of filing actions on behalf of others without their permission, either by using the 'next friend' device or by naming another individual as a co-plaintiff without that individual's authorization"; and finding that Section 2241 petition brought by Banks on the purported behalf of climate activist Greta

4

Thunberg was a "continuation of [his] pattern of vexatious, frivolous, and nonmeritorious litigation" that warranted summary dismissal); *Banks v. Crooked Hilary*, No. 2:16-cv-07954 (C.D. Cal. Oct. 26, 2016) (Order denying leave to proceed *in forma pauperis* and discussing some of the prior decisions finding Petitioner's actions to be frivolous and delusional); *Schlemmer v. Central Intelligence Agency*, No. 2:15-cv-01583 (W.D. Pa. Dec. 15, 2015) (Order dismissing with prejudice a 28 U.S.C. § 2241 habeas petition filed by Petitioner as purported "next friend" on behalf of a criminal defendant with whom he had no relationship); *Valaluka, supra* (Order at 2: "Banks has not limited his frivolous filings to cases he files in his own name, but has expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent."). The instant Petition is yet another in Banks's ongoing vexatious and improper litigation, which is (as here) prompted by some event that received media coverage to which Banks attempts to attach himself through frivolous and/or delusional allegations.

There is no viable claim for relief alleged in the Petition, but particularly so to the extent that Banks purports to seek relief on behalf of others under the guise of a habeas action or a class action.[2] Banks has no standing or right to seek habeas or any other type of relief on behalf of the members of the Black Lives Matter movement or on behalf of "all" women on this planet. There is no evidence before the Court that any person possibly could wish to have Banks – a pro se vexatious litigant and convicted criminal serving a lengthy sentence, with a documented longstanding history of filing utterly frivolous and delusional actions – act as his or her legal representative in seeking any relief in federal courts. Indeed, common sense dictates otherwise. Nor do any of the Petition's allegations give rise to any

---

[2] The electronic surveillance allegations appear to be factually and legally frivolous within the meaning of *Denton v. Hernandez*, 504 U.S. 25, 32-22 (1989), and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

5

plausible theory or basis for a class action. Rather, this is yet another in an ongoing series of attempts by Banks to get his foot in the federal courthouse door by capitalizing on things that have happened to other people (often tragic) with whom he has no connection whatsoever. Once again, Banks purports to seek "habeas" relief on behalf of others (unbeknownst to them) based on some recent newsworthy event, so that he can parasitically add on a baseless request for "habeas" or other relief on his own part.

It bears repeating that Banks has no right to purport to represent anyone else in legal proceedings. He has been advised of this time and time again in the Court's earlier Orders dismissing his prior actions, yet he persists in filing improper "habeas" petitions on behalf of others, without their knowledge or consent. Not only has Banks failed to obtain the consent of any other person to represent him or her, but Banks knows that he knows that he cannot do so legally. As Banks as been told repeatedly, generally, non-lawyers may not represent other persons in court. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *Collinsgru v. Palmyra Bd. Of Educ.*, 161 F.3d 225, 232 (3rd Cir. 1998). 28 U.S.C. § 1654 permits persons to appear on a pro se basis <u>only</u> in their "own cases personally." *See Shephard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Local Rule 83-2.10.2 expressly prohibits a pro se litigant from delegating his representation to any other person. Because Banks is not a lawyer authorized to practice in this Court, he may not pursue relief on behalf of anyone else here. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in pro per may not appear or seek relief on behalf of others); *see also Banks as next friend of Waymer v. Eddy*, 801 Fed. Appx. 50 (3rd Cir. April 14, 2020) (affirming dismissal of Section 2241 petition brought by Banks on behalf of others and finding that not only did Banks lack standing to seek relief on behalf of others as a next friend, but that "as a

1 layperson, Banks cannot represent other parties," even if he is purporting to act as a
2 next friend); *Banks v. NPR New Morning Edition*, 795 Fed. App'x 92 (3rd Cir. Feb.
3 25, 2020) (affirming dismissal of Section 2241 petition brought by Bank on behalf
4 of Anthony Bourdain and finding that "Banks cannot litigate on behalf of Bourdain
5 or his estate").

6     In addition, there is no nonfrivolous basis for Banks to be seeking habeas or any
7 other relief in this District on his own behalf, regardless of his vague and frivolous
8 assertions of a "FISA warrant" and electronic surveillance. Banks is in custody
9 because he has been convicted of federal crimes in a different federal District and is
10 serving his related sentence in a different District, not because of any putative FISA
11 warrant and/or electronic surveillance, regardless of where this putative "warrant"
12 allegedly issued or the surveillance originated. Banks is not in custody in this
13 District for habeas or any other purposes, because he was not convicted in this
14 District and is not incarcerated here. *See Banks v. Canada*, No. 9:20-CV-0064
15 (LEK), 2020 WL 1689859, at *2 (N.D.N.Y. April 7, 2020) (dismissing Section 2241
16 petition brought by Banks raising the same allegations he has made in prior cases
17 brought here and finding that his allegation that the CIA's alleged electronic signal
18 originated in the district (as he has made in many of his cases brought here) was
19 insufficient to confer jurisdiction in the district, given that his district of
20 confinement was elsewhere). Banks has been told this time after time, but he
21 nonetheless persists in filing frivolous actions in this District that have no place
22 here.

23     If Banks wishes to challenge his present criminal custody, there are established
24 avenues for him to do so, but none of them include bringing repeated and frivolous
25 28 U.S.C. § 2241 or other civil actions outside of the District of conviction based on
26 matters having nothing to do with his present conviction and/or sentence. The
27 matters alleged in the Petition simply do not involve situations in which Section
28 2241 federal habeas jurisdiction or any other basis for federal jurisdiction properly

can be invoked, much less in a District having nothing to do with him.

Accordingly, IT IS ORDERED that: the Petition is dismissed for lack of jurisdiction; and Judgment shall be entered dismissing this action.

DATED: August 4, 2020

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE